PEOPLE v WONDERO

CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—EFFEC-
TIVE ASSISTANCE OF COUNSEL—PLEA OF GUILTY—DEFENSE OF
INSANITY.

A defendant was not denied effective assistance of counsel when
his counsel permitted him to plead guilty instead of not guilty
by reason of insanity where counsel knew of a report of the
Center for Forensic Psychiatry and defendant's history of men-
tal problems but where he had taken such report and another
report from an institution that had previously dealt with
defendant to other psychiatrists for evaluation, and where after
further consultations determined that the evidence would not
sustain a defense of insanity, before he advised defendant on
his plea.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted Division 2 October 14, 1974, at Lansing.
(Docket No. 18969.) Decided December 5, 1974.

Ronald R. Wondero was convicted, on his plea of
guilty, of second-degree murder. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*Towner, Rosin, York & McNamera* (by *Gerald J.
Young),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 315.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

R. B. BURNS, J. Defendant pled guilty to second-degree murder (MCLA 750.317; MSA 28.549) and now appeals. We affirm.

Defendant was originally charged with first-degree murder. MCLA 750.316; MSA 28.548. Prior to his preliminary examination, he was sent to the State Center for Forensic Psychiatry for examination to determine his competence to stand trial. Defendant was diagnosed as having dull-normal intelligence; his orientation and affect were intact; there was no sign of hallucinations or delusional material; and there was no obvious disruption of his stream of thought, memory, or judgment. There was, however, some conflicting evidence of brain damage, but it did not appear to be incapacitating or even capable of reliable diagnosis. A hearing was held on this issue and defendant was adjudged competent to stand trial. Defendant does not challenge this finding.

After the preliminary examination, the charge against defendant was amended to second-degree murder. He pled guilty to that charge.

On appeal, defendant contends that he was denied effective assistance of counsel when his attorney permitted him to plead guilty instead of not guilty by reason of insanity. Defendant contends that his counsel knew of the Forensic Center report and his history of mental problems. He believes that this information was sufficient to provide a prima facie case for insanity. The failure to assert this defense is claimed to be a reversible error. *People v Tumpkin,* 49 Mich App 262; 212 NW2d 38 (1973).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We cannot agree with the defendant's thesis. Counsel took the Forensic Center report and another diagnostic report from an institution that had previously dealt with defendant to other psychiatrists for evaluation. After further consultations, their opinions corroborated his own that the evidence would not sustain a defense of insanity. On the basis of this record, we cannot say that defendant was denied effective assistance of counsel. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), and *Beasley v United States,* 491 F2d 687 (CA 6, 1974). We would also note, as did the Court in *Tumpkin, supra,* that " * * * this case should not be treated as a license to seek a new trial every time defense counsel fails to present the defense of insanity". *Tumpkin, supra,* p 267.

We have reviewed defendant's other contentions and have found no merit in them.

Affirmed.

All concurred.